## MILLER v. HAMMOCK.

### Opinion delivered January 17, 1910.

INSTRUCTION—BURDEN OF PROOF IN CIVIL CASE.—Facts in civil cases are not required to be proved beyond a doubt, but only by the preponderance of the evidence.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; reversed.

*W. R. Donham,* for appellant.

The sixth instruction given on behalf of appellee, in which the jury were instructed that the facts relied on by appellant "must be sufficiently distinct to leave no doubt" was erroneous. A preponderance of the evidence is all that is required in civil cases. 31 Cyc. 1667.

*D. M. Cloud,* for appellee.

Taking the instructions as a whole, the law of the case was properly given.

BATTLE, J.  M. E. Hammock brought this action against A. J. Miller to recover the possession of a horse.  A. J. Miller died during the pendency of the action, and it was revived against Adelia Miller, as executrix of his last will and testament.

J. W. Hammock was the husband of the plaintiff. He sold the horse, a mare, to one Spann, and he sold her to A. J. Miller. Evidence was adduced tending to prove that the husband exercised acts of ownership over the horse, selling her at one time and mortgaging her at another; and that he offered her for sale. The wife permitted him to use the mare.  He claimed to be plaintiff's agent, but did not at all times deny his authority to sell, and acted as though he had such authority.  To what extent plain-

tiff permitted him to hold himself out as her agent as to the horse is not certain.

At the instance of plaintiff the court instructed the jury, over the objection of the defendant, in part, as follows:

"In this case the defendant relies on circumstances to establish that the plaintiff's husband was and acted as her agent when the alleged trade was made with Spann. You are therefore instructed that the facts relied on to establish an agency by implication must be sufficiently distinct to leave no doubt about the intention of the plaintiff's appointing her husband as her agent; and unless you believe from the evidence that the plaintiff's husband acted as her agent in trading off the mare in controversy, defendant cannot recover unless you should further find that Mr. Hammock was the owner of the mare in controversy."

The jury returned a verdict in favor of the plaintiff. Judgment was rendered according to the verdict, and the defendant appealed.

The court erred in giving to the jury the instruction objected to. Facts in civil cases are not required to be proved beyond doubt, but by the preponderance of evidence.

Reversed and remanded for a new trial.